UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TONY TYRONE BLACK,

    Defendant.

Case No. C08-5483
CR97-5017

ORDER DENYING MOTION TO CONSIDER REVIEW OF SENTENCE

This matter comes before the Court on Defendant/Petitioner's Motion to consider review of sentence pursuant to Begay v. United States, 128 S.Ct. 1581 (2008). Defendant asserts that he is entitled to a lower sentence because Begay eliminates his predicate crimes as "violent felonies" for the purpose of determining his Armed Career Criminal Act (ACCA) status.

Defendant does not designate the motion as a request for habeas relief or for modification of sentence, but provides "[t]he court can designate this motion in any manner necessary that would benefit the petitioner." See Hamilton v. United States of America, 67 F.3d 761, 763-64 (9th Cir. 1995). This Court does not, however, have inherent authority to reconsider sentencing orders. United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999). There are two statutory basis that may result in a resentencing; 18 U.S.C. § 2255 and § 3582(c).

ORDER - 1

**18 U.S.C. § 3582(c)**

The Courts authority to modify a term of imprisonment is constrained by 18 U.S.C. § 3582(c), which provides in pertinent part (emphasis added):

(c) Modification of an imposed term of imprisonment.- **the court may not modify a term of imprisonment once it has been imposed except that**-
(1) in any case-
(A) the court, **upon motion of the Director of the Bureau of Prisons**, may reduce the term of imprisonment ... if it finds that-
(i) extraordinary and compelling reasons warrant such a reduction; or
(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, .. and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community....;
(B) the court may modify an imposed term of imprisonment to the extent otherwise **expressly permitted by statute or by Rule 35** of the Federal Rules of Criminal Procedure; and
(2) in the case of a defendant who has been sentenced to a term of imprisonment **based on a sentencing range that has subsequently been lowered by the Sentencing Commission** ... upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment....

By the terms of 18 U.S.C. § 3582(c), the Court is prohibited from modifying a term of imprisonment once it has been imposed unless one of the enumerated exception applies. See United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003). The first circumstance provides that the Court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(I). This exception is inapplicable to Defendant because he, rather than the Director of the Bureau of Prisons, has brought this motion. See United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997).

The second exception, 18 U.S.C. § 3582(c)(1)(B), provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." This exception does not require a motion to be brought by the Director of the Bureau of Prisons. However, the Court is aware of no other statute that would expressly permit it to modify Defendant's term of imprisonment, and Defendant has not provided any. The rule applies only in very narrow circumstances and does not permit a court to

ORDER - 2

simply reverse its decision about an appropriate sentence. United States v. Penna, 319 F.3d 509, 512 (9th Cir. 2003). Federal Rule of Criminal Procedure 35 permits the Court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days of sentencing. Fed. R. Cr. P. 35(a). This exception does not apply at this late date. Nor does Rule 35(b), which provides that the government may move for a reduction of sentence when a defendant has provided substantial assistance to the government. Fed. R. Cr. P. 35(b). The government has not so moved, and Defendant does not claim to have provided any such assistance.

Finally, the exception provided in 18 U.S.C. § 3582(c)(2) does not apply, as that section permits a reduction in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. The Defendant cites the Supreme Court decision in Begay v. United States, 553 U.S. ___, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) as pertinent to this determination. However, the decision in Begay did not lower sentencing ranges, nor was Begay an action by the Sentencing Commission. Therefore, 18 U.S.C. § 3582(c)(2), by its own terms does not apply. See Carrington v. United States, 503 F.3d 888, 890-91 (9th Cir. 2007)(Booker decision did not lower sentencing range, nor was Booker an action by the Sentencing Commission, therefor § 3582(c)(2), by its own terms does not apply).

Defendant is not entitled to relief pursuant to 18 U.S.C. § 3582(c).

### 18 U.S.C. § 2255

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to imposed such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

This same statute provides however, that the district court lacks authority to review

ORDER - 3

successive habeas motions filed without authorization from the court of appeals.[1] 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A); see also United States v. Allen, 157 F.3d 661, 664 (9th Cir.1998). Once the prisoner files such a motion, the court of appeals then reviews the successive application to determine whether the prisoner has made a prima facie showing that the new claim is (1) based on the discovery of new material evidence, or (2) based on a new rule of constitutional law made retroactive by the U.S. Supreme Court. 28 U.S.C. § 2255(h); Allen, at 664. Neither the record nor any evidence submitted by Defendant shows that he obtained the required authorization from the Ninth Circuit. Therefore, this Court does not have jurisdiction to consider this application for relief.

In his motion, Defendant requests that the court appoint counsel. Because the Court lacks authority to consider the motion, appointment of counsel is not warranted. Defendant's request for appointment of counsel should be denied.

**CONCLUSION**

For the foregoing reasons, the court lacks authority to review Defendant's Black's sentence.

ACCORDINGLY;

IT IS ORDERED:

Defendant's motion to consider review of sentence [Dkt. # 1] and for appointment of counsel is **DENIED.**

DATED this 11th day of August, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

---

[1] There is a long history of post-trial motions in this case. This history includes five motions pursuant to 18 U.S.C. § 2255, and at least one 18 U.S.C. § 3582(c) motion for reduction in sentence.

ORDER - 4